UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | Crim. No. 3:12cr137 (JBA) |
| *v.* | |
| NICHOLAS CALAMARAS | March 25, 2015 |

**RULING GRANTING DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE**

On June 5, 2013, Defendant Nicholas Calamaras pled guilty to conspiring to possess with intent to distribute over 100 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vii), and 846.  He was sentenced [Doc. # 385] on December 16, 2013 to 63 months' imprisonment.  He now moves [Doc. ## 407, 417], pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782, for a reduction in his sentence.  For the following reasons, his motion is granted.

Under 18 U.S.C. § 3582(c)(2), "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may move for a reduction in his sentence.  Upon such motion, "a district court must engage in a 'two-step approach.'"  *United States v. Bethea*, 735 F.3d 86, 87 (2d Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).  "At step one, the court 'must consider whether the defendant is eligible for a reduction by calculating the Guidelines range that would have been applicable had the amended Guidelines been in place at the time the defendant originally was sentenced.'"  *Id.* (quoting *United States v. Wilson*, 716 F.3d 50, 52 (2d Cir. 2013)).  "At step two, '§ 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors[1] and

---

[1] These factors include:

determine whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case.'" *Id.* (quoting *Dillon*, 560 U.S. at 827).

Mr. Calamaras contends and the Government agrees [Doc. # 418] that he is eligible for a reduction under § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines. That Amendment, effective November 1, 2014, reduced by two levels the offense levels assigned to the quantities of controlled substances that trigger the statutory mandatory minimum penalties in U.S.S.G. § 2D1.1 and made parallel changes to § 2D1.11. Mr. Calamaras and the Government agree that applying the Amendment to Mr. Calamaras yields an amended sentencing range of 60 to 63 months' imprisonment.[2] The Probation Office recommends [Doc. # 409] a reduced sentence of 60 months' imprisonment, and the Government does not oppose.

In determining whether or how much to reduce Mr. Calamaras's sentence, the Court takes note of the fact that Defendant has had no disciplinary infractions during his imprisonment, and he has utilized his time productively by taking courses in history and marketing and successfully completing the Drug Education group. (BOP Progress Report, Ex. 1 to 2d Amend. 782 Addendum to PSR [Doc. # 415].)

---

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed. . .;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for. . .;

(5) any pertinent policy statement . . . issued by the Sentencing Commission . . .;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;

(7) the need to provide restitution to any victims of the offense.

[2] The prior range was 63 to 78 months' imprisonment. There is a mandatory minimum of 60 months.

Upon full consideration of the factors set out in § 3553(a), the Court concludes that a reduction in Mr. Calamaras's sentence to 60 months is appropriate, and such a reduction would be consistent with the applicable policy statements issued by the Sentencing Commission and the purpose of Amendment 782, which is to move toward alleviating "the significant overcapacity and costs" of federal prisons.   U.S.S.G. Amendment 782 (policy statement).

For the foregoing reasons, Mr. Calamaras's Motions [Doc. ## 407, 417] for Reduction in Sentence are GRANTED and, effective November 1, 2015,[3] his term of imprisonment is reduced to 60 months.  All other aspects of the original sentence shall remain in effect.

IT IS SO ORDERED.

/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 25th day of March, 2015.

---

[3] Under U.S.S.G. § 1B1.10(e)(1), "[t]he court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the order is November 1, 2015, or later."  However, an application note explains that "Subsection (e)(1) does not preclude the court from conducting sentence reduction proceedings and entering orders under 18 U.S.C. 3582(c)(2) and this policy statement before November 1, 2015, provided that any order reducing the defendant's term of imprisonment has an effective date of November 1, 2015, or later."  U.S.S.G. § 1B1.10, comment (n.6).